**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:08-cv-807-M |
| v. | § § | |
| 7-ELEVEN, INC., | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant 7-Eleven, Inc.'s Motion Requesting Leave to File an Amended Answer and Counterclaim [Docket Entry #33]. For the reasons below, the Motion is **DENIED**.

*Background*

Plaintiff American International Specialty Lines Insurance Company ("AISLIC") filed this suit against 7-Eleven, Inc. ("7-Eleven") on May 12, 2008, alleging that gasoline leakage from a gasoline service station operated by 7-Eleven in Texas harmed adjacent real property, the owners of which are insured by AISLIC. On June 12, 2009, 7-Eleven filed a motion seeking to amend its Answer to include a permissive counterclaim arising out of a dispute over an insurance contract issued by AISLIC to 7-Eleven that 7-Eleven contends covers remediation costs paid for work on a 7-Eleven store in Woodbine, Maryland ("the Maryland claims") since 2002. Those claims are not involved in the suit now before the Court. AISLIC opposes the amendment, arguing that 7-Eleven has not met its burden under the Federal Rules of Civil Procedure to show good cause for the amendment.

*Legal Standard*

The Court's original Scheduling Order set November 14, 2008 as the deadline for the amendment of pleadings.  Because 7-Eleven seeks to amend its Answer after the parties' pleading deadline has expired, the issue is governed by Fed. R. Civ. P. 16.[1]  The party seeking to amend must show good cause for the amendment, and a court properly considers the following four factors when deciding to allow such an amendment: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[2]

*Analysis*

AISLIC opposes the proposed counterclaim because the Scheduling Order's deadline to amend pleadings expired in November, 2008, and the facts underlying the Maryland claims occurred from 2002-2007.  AISLIC complains about 7-Eleven's tardiness in seeking to amend, and argues that judicial economy will not be served by resolving the issues in the counterclaim here, as the only commonality between the claims is that they involve the same parties.  It further argues that it will be prejudiced by being forced to conduct discovery in Maryland, unrelated to the claims now before the Court.

7-Eleven admits that it has known the facts underlying the Maryland claims as they occurred between 2002 and 2007, but asserts that it was not aware of any potential litigation surrounding insurance coverage for the Maryland claims until October 30, 2008, when it received correspondence from AISLIC, which indicated to 7-Eleven that there might be a "a potential problem with [AISLIC's] willingness to abide by the terms of the Policy."  7-Eleven

---

[1] Fed. R. Civ. P. 16(b).  The Fifth Circuit has held that Federal Rule of Civil Procedure 16, which governs the modification of a scheduling order, applies to motions to amend made after the expiration of the scheduling order's amendment deadline.  *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 553, 535 (5th Cir. 2003).
[2] *Id*. at 536.

2

argues that since that time, it has attempted to settle the claim without litigation, but contends it was forced to counterclaim once it became apparent that AISLIC was unwilling to cooperate. 7-Eleven argues that its claims are important, as there are over two million dollars are at stake, and maintains that if it knew that the claims were going to be disputed, it would have asserted its counterclaim earlier.

7-Eleven claims AISLIC will not be prejudiced if the counterclaim is allowed, because the Court has recently reset the trial of this matter to December, 2009. It argues that any discovery required in connection with the Maryland claims can be conducted in the time between the amendment and the trial. It also argues, without evidentiary support, that the parties' litigation costs will be less if the claims are tried in one lawsuit. Finally, 7-Eleven argues that a continuance of the trial date would not be necessary, and that extension of the discovery deadlines could be accomplished by the Court merely modifying the Scheduling Order.

7-Eleven has failed to meet its burden to show good cause for its amendment. Even if the Court were to take as true 7-Eleven's bare assertions of justification for its delay, it has not met its burden of showing good cause for the delay. It knew about the Scheduling Order's deadlines since well before October, 2008, and if the claims were important enough for it to desire to assert them with this suit, it could have amended its pleadings before the expiration of the deadline, even if settlement negotiations were ongoing. 7-Eleven has provided no satisfactory explanation as to why it waited until June 12, 2009 to seek to assert the counterclaim.[3] Further, judicial economy will not be served by allowing the amendment. The Court is unfamiliar with the Maryland claims, and requiring AISLIC to conduct discovery at this stage, in a distant jurisdiction in connection with a purely permissive counterclaim, would prejudice its efforts and

---

[3] *See Palomino v. Miller*, No. 3-06-cv-0932-M, 2007 WL 165417 (N.D. Tex. June 7, 2007) (Lynn, J.) (denying motion for leave to amend in light of unsatisfactory explanation as to delay in seeking amendment).

increase its expenses in this case.[4] 7-Eleven is still free to file those claims separately, and therefore it will suffer no prejudice from the denial of the amendment.

The Court is not persuaded that it should allow the addition of a set of factually unrelated claims long after the amendment deadline, with virtually no justification for the delay. 7-Eleven has failed to carry its burden, and the Motion to Amend is **DENIED**.

**SO ORDERED**.

July 28, 2009.

*[signature]*
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[4] *See The Forest Group Inc. v. Bon Tool Co.*, No. H-05-4127, 2008 WL 2464272, at *2 (S.D. Tex. June 16, 2008) ("Bon Tool will suffer prejudice if the amendment is allowed. Bon Tool will be required to conduct discovery on the new affirmative defense and counterclaim, increasing the expense of this litigation and delaying its final resolution. The discovery deadline has expired . . . . Although the Court could reopen discovery and grant a continuance of the remaining deadlines, a continuance would not cure the prejudice from increased expense and unnecessary delay.").